SHOOK, HARDY & BACON L.L.P.
Mayela C. Montenegro-Urch (SBN: 304471)
mmontenegro@shb.com
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949-475-1500
Facsimile: 949-475-0016

Aubrey L. Kramer (SBN: 359426)
akramer@shb.com
555 Mission Street, Suite 2300
San Francisco, California 94015
Telephone: 415-544-1900
Facsimile: 415-391-0281

*Counsel for Nonparty Dr. Pierre-Anthony Lemieux*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED CODING TECHNOLOGIES LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No. 25-80123<br><br>(Related to Pending Out-of-State Action: 2:24-cv-00353-JRG in the Eastern District of Texas)<br><br>**NONPARTY DR. PIERRE-ANTHONY LEMIEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Mayela C. Montenegro-Urch and [Proposed] Order]<br><br>Date:   ___To Be Set<br>Time:  ___To Be Set<br>Judge: ___To Be Assigned<br>Ctrm:  ___To Be Assigned |

# NOTICE OF MOTION AND MOTION TO QUASH

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2025, at _____ a.m./p.m., or as soon thereafter as this matter may be heard before the Honorable _____ in Courtroom ____ of the United States Courthouse located at _____, Dr. Pierre-Anthony Lemieux ("Dr. Lemieux") will move the Court to quash the deposition subpoena to Dr. Lemieux served by Advanced Coding Technologies, LLC ("ACT") pursuant to Federal Rule of Civil Procedure 45(d)(3).

This Motion is based on this Notice of Motion and Motion to Quash, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Mayela C. Montenegro-Urch ("Montenegro-Urch Decl.") with exhibits (including the Declaration of Patrick A. Lujin ("Lujin Decl.") attached as Exhibit A to the Montenegro-Urch Decl.), and upon such further evidence or argument as may be presented at or before the hearing of this Motion.

Dated: May 19, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Mayela C. Montenegro-Urch
   Mayela C. Montenegro-Urch
   Aubrey L. Kramer

Attorneys for Nonparty Dr. Pierre-Anthony Lemieux

# MEMORANDUM OF POINTS AND AUTHORITIES

ACT served two individual deposition subpoenas on Dr. Lemieux. *See* Exhibits B and C to the Montenegro-Urch Decl. Dr. Lemieux moves to quash each deposition subpoena, with this action directed towards Exhibit B. There is no justification for ACT serving nonparty discovery purportedly aimed at Dr. Lemieux. Rather, this individual Subpoena is an attempted end-run around four nonparty subpoenas previously served on The Alliance for Open Media ("AOMedia"). ACT has not identified any relevant or unique information sought from this Subpoena that it does not already have or cannot obtain (or should have requested) through the AOMedia subpoenas. This individual Subpoena is improper and highly burdensome because ACT is trying to force Dr. Lemieux (the current Executive Director of AOMedia) to sit for a deposition to gain an unfair advantage in ACT's ongoing negotiations with AOMedia over the four nonparty subpoenas ACT served on AOMedia in connection with the same two underlying cases.

## I.  BACKGROUND

On May 2, 2025, ACT served the two individual deposition subpoenas to Dr. Lemieux via email. *See* Lujin Decl.[1] at ¶ 2. The deposition subpoenas to Dr. Lemieux relate to ACT's underlying patent infringement cases against Google and Apple. *See* Exhibits B and C.

ACT filed patent infringement cases in the Eastern District of Texas against Google and Apple on May 10, 2024, and July 22, 2024, respectively. *See Advanced Coding Techs., LLC v. Google LLC*, No. 2:24-cv-00353-JRG (E.D. Tex.); *Advanced Coding Techs., LLC v. Apple Inc.*, No. 2:24-cv-00572-JRG (E.D. Tex.) (the "Underlying EDTX Cases"). ACT accused various Google products of infringing ACT's patents, such as Google's Pixel smartphone and tablet products. *See* Lujin Decl. at ¶ 3; *Advanced Coding Techs., LLC v. Google LLC*, No. 2:24-cv-00353-JRG,

---

[1] The Declaration of Patrick A. Lujin ("Lujin Decl.") is attached as Exhibit A to the Montenegro-Urch Decl.

1  Dkt. 23 at ¶ 86 (E.D. Tex. Aug. 2, 2024) (ACT's First Amended Complaint against
2  Google). ACT also accused Apple products, such as iPhones and iPads, of infringing
3  ACT's patents. *See* Lujin Decl. at ¶ 4; *Advanced Coding Techs., LLC v. Apple Inc.*,
4  No. 2:24-cv-00572-JRG, Dkt. 1 at ¶ 29 (E.D. Tex. July 22, 2024) (ACT's Complaint
5  against Apple).

6  Dr. Lemieux earned a Ph.D. in physics from the University of California at Los
7  Angeles in 2001, and he has been a Partner at Sandflow Consulting since 2009. *See*
8  Lujin Decl. at ¶ 5; https://www.linkedin.com/in/pierrealemieux. Dr. Lemieux first
9  became associated with AOMedia in January 2024, and he has served as AOMedia's
10 Executive Director since January 2024. *See* Lujin Decl. at ¶ 6. AOMedia is a non-
11 profit organization that is a nonparty to the Underlying EDTX Cases. *Id*. at ¶ 7. ACT
12 does not contend that either Dr. Lemieux or AOMedia has been involved in the
13 development of any Google or Apple products, and such involvement would not be
14 appropriate under AOMedia's charter. *Id.* at ¶ 9.

15 In February 2025, ACT issued four nonparty subpoenas to AOMedia in
16 connection with its Underlying EDTX Cases against Google and Apple. *Id.* at ¶ 8.
17 ACT's subpoenas to AOMedia included a total of 34 document requests and 36
18 deposition topics. *Id.* AOMedia responded in writing to the four AOMedia Subpoenas
19 on March 13, 2025. *Id*. at ¶ 10. AOMedia and ACT have continued to meet-and-
20 confer regarding AOMedia's responses to the four AOMedia Subpoenas – most
21 recently on May 15, 2025 with follow-up email correspondence on May 16, 2025. *Id.*
22 at ¶ 10-11. ACT admits that the individual subpoenas to Dr. Lemieux are related to the
23 AOMedia subpoenas. *Id.* at ¶ 11. ACT clarified during the May 15 meet-and-confer
24 that ACT is only seeking documents and information from AOMedia from 2018 and
25 earlier because AOMedia published the AV1 specification in 2018. *Id.* at ¶ 12. ACT
26 also stated that it does not want to depose Dr. Lemieux until after AOMedia has
27 produced additional documents to ACT. *Id*. This Motion is necessary because ACT
28

refused to withdraw this Subpoena without prejudice. *Id.* at ¶ 13.

## II. LEGAL STANDARD

"Discovery from non-parties is governed by Federal Rule of Civil Procedure 45." *Natera, Inc. v. Caredx, Inc.*, No. 23-mc-80117-LJC, 2023 U.S. Dist. LEXIS 95161, at *4-5 (N.D. Cal. May 31, 2023). The court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The party issuing the subpoena must demonstrate that the discovery is relevant. *Strike 3 Holdings, LLC v. Doe*, No. 4:18-CV-04993-KAW, 2019 U.S. Dist. LEXIS 19497, at *4 (N.D. Cal. Feb. 6, 2019).

"[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir. 1982)); *see also Lemberg L. LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 U.S. Dist. LEXIS 76772, at *15 (N.D. Cal. June 13, 2016) (same).

## III. THE NONPARTY DEPOSITION SUBPOENA TO DR. LEMIEUX SHOULD BE QUASHED

The deposition Subpoena to nonparty Dr. Lemieux should be quashed because it seeks duplicative and burdensome discovery from Dr. Lemieux as an individual, in an attempted end-run around ACT's own company-level subpoenas to AOMedia. The Subpoena to Dr. Lemieux purports to seek information ACT should seek from the defendants in ACT's Texas lawsuits or, if somehow relevant to AOMedia, from nonparty AOMedia.

ACT is trying to conduct duplicative discovery in parallel against nonparties Dr. Lemieux and AOMedia by serving multiple deposition subpoenas to AOMedia's Executive Director instead of addressing AOMedia's objections to ACT's earlier-in-time, company-level subpoenas.

### A. The Individual Deposition Subpoena is Highly Burdensome to Dr. Lemieux

ACT should be negotiating directly with AOMedia regarding the document requests and topics in the AOMedia subpoenas. Instead, ACT elected to serve multiple subpoenas on an *individual* who is the Executive Director of AOMedia. Exhibits B and C. ACT is not seeking discovery unique to Dr. Lemieux because he was not associated with AOMedia until 2024 – nearly six years after the relevant time period. Lujin Decl. at ¶¶ 6, 12. ACT appears to want to depose Dr. Lemieux just to seek more information about AOMedia, (*id.* at ¶ 12), and to ask broad questions, in hopes of obtaining keyword-based email discovery of AOMedia and probing for any possible discovery about the defendants, Google and Apple. Anything to be gained from Dr. Lemieux regarding the Underlying EDTX Cases is cumulative of the discovery ACT has served in connection with those cases, including against AOMedia.

To the extent Dr. Lemieux has relevant AOMedia information sought by ACT, a deposition in his personal capacity would be "unreasonably cumulative, duplicative and burdensome," because it would be a deposition "merely to confirm what kinds of documents [AOMedia] has and whether there is anything else to be produced." *Negotiated Data Solutions LLC v. Dell, Inc.*, No. 09-c-80012MISC-JF(HRL), 2009 U.S. Dist. LEXIS 25026, *9, *10-12 (N.D. Cal. March 17, 2009).  In *Negotiated Data Solutions*, the Court quashed a "probing deposition" that would only serve to "cross-check" information the plaintiff received from another source. *Id.*, at *11. ACT has not identified any information it needs from Dr. Lemieux instead of AOMedia or Google, so ACT has not met its burden to conduct a nonparty deposition *in addition to* its discovery of AOMedia. *Franco v. Alorica Inc.*, No. 20-cv-05035-DOC(KESx), 2021 U.S. Dist. LEXIS 245905, *11 (N.D. Cal. Nov. 5, 2021) ("Rule 45 generally disfavors shifting discovery burdens from parties to nonparties.").

1    The subpoena to Dr. Lemieux in his individual capacity is gamesmanship by ACT, to exert undue pressure on AOMedia as AOMedia attempts to negotiate the scope of ACT's nonparty discovery requests. ACT only wants discovery from AOMedia from the time period prior to 2019, but Dr. Lemieux did not become associated with AOMedia until 2024. Lujin Decl. at ¶¶ 6, 12. So Dr. Lemieux does not have any first-hand knowledge of the information sought by ACT. *Id.* Dr. Lemieux's personal deposition subpoena should be quashed for this additional reason.

AOMedia itself is a nonparty and should not be subjected to an undue burden. Moreover, Dr. Lemieux is an *individual* associated with AOMedia, being subpoenaed in his personal capacity. "Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). ACT is aggressively pursuing individual discovery first, despite the unwanted burden to a nonparty. "Rule 45 imposes a mandatory responsibility on this court to protect nonparties from unduly burdensome discovery." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 110824, *11 (N.D. Cal. Aug. 7, 2012). The deposition subpoena of Dr. Lemieux, set to occur *prior* to duplicative AOMedia or Google discovery, is unduly burdensome. *Athalonz, LLC v. Under Armour, Inc.*, No. 24-misc-0047(DEH), 2024 U.S. Dist. LEXIS 65685, *10-11 (S.D.N.Y. April 10, 2024) ("Athalonz fails to demonstrate why Harper's non-party deposition should proceed now, before it has determined what non-duplicative information Harper may provide.").

In the event AOMedia ultimately agrees, or is ordered, to produce a corporate witness for deposition, Dr. Lemieux may very well be that witness. ACT is trying to intimidate an individual with multiple subpoenas instead of trying to resolve or

enforce its subpoenas to AOMedia, which is improper. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, No. 05-c-04158, 2008 U.S. Dist. LEXIS 125612, *9 (N.D. Cal. April 10, 2008) (deferring individual subpoenaed depositions until after the completion of corporate and party-witness depositions "to avoid duplicative discovery").

### B. A Deposition of Dr. Lemieux Would be a Pure Fishing Expedition

As in *Negotiated Data Solutions*, a fishing expedition of a nonparty is unreasonable. 2009 U.S. Dist. LEXIS 25026 at *11. ACT appears to want to question Dr. Lemieux about internal or potentially sensitive AOMedia matters, without any indication Dr. Lemieux has additional, responsive information beyond what AOMedia served in response to the four AOMedia Subpoenas. AOMedia is is an organization with standards available for free on its website. Lujin Decl. at ¶ 7. AOMedia provides extensive information on its website, but ACT has continued to question nonparty AOMedia's counsel about email repositories and other ESI-related information, with no indication AOMedia's search for responsive information was not reasonable or that specific communications exist. ACT is fishing for any details regarding AOMedia's communications, in an attempt to conduct probing discovery against AOMedia and its members.

ACT is pursuing discovery from nonparties Dr. Lemieux and AOMedia that should be requested *from defendant Google* in the Underlying EDTX Case *against Google*. For instance, ACT served the following document request on AOMedia: "[a]ll communications between Google and AOM regarding ACT, ACT's Patents, and/or this litigation." Lujin Decl. at ¶ 8. At the very least, party discovery should proceed first and until some need (such as lost or destroyed communications) justifies pursuing duplicative discovery from AOMedia, not to mention AOMedia's Executive Director in his individual capacity.

ACT appears to want to question Dr. Lemieux about ESI-related subjects that should be party-based discovery. This would be unusually burdensome for Dr. Lemieux (and to AOMedia) as a nonparty, particularly absent some compelling need or concrete showing of relevance. Additionally, ACT is interested in AOMedia information from prior to 2019, but Dr. Lemieux has only been associated with AOMedia since January 2024. Lujin Decl. at ¶¶ 6, 12. *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06-cv-991-WQH(BLM), 2007 U.S. Dist. LEXIS 47795, *6 (S.D. Cal. July 2, 2007) ("federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash").

The discovery sought by ACT against Dr. Lemieux would not be tethered to the accused implementations in the Underlying EDTX Cases. Instead, ACT wants broad, party-level discovery against a non-profit, nonparty despite no evidence of involvement by AOMedia (let alone the individual Dr. Lemieux) with the accused products. *Intermec Techs. Corp. v. Palm, Inc.*, No. 09-80098-MISC(WHA), 2009 U.S. Dist. LEXIS 132759, *6-7 (N.D. Cal. May 15, 2009) ("For the sake of argument, however, this order assumes that buried within the haystack of material sought, one could find a few needles of pertinence to the Delaware litigation. Nonetheless, the subpoena will be quashed in its entirety. The subpoena is so overbroad and burdensome that no uninvolved third party should be required to comply."); *Epitopix, LLC v. Zoetis Inc.*, No. 25-mc-80083-JCS, 2025 U.S. Dist. LEXIS 86612, *15 (N.D. Cal. May 6, 2025) (quashing subpoena in part because it seeks irrelevant information and imposes an unjustified burden on a non-party).

ACT is trying to ambush Dr. Lemieux in an open-ended individual deposition to find a basis for ESI discovery of nonparty AOMedia, because ACT cannot currently justify the nonparty ESI discovery it seeks under its AOMedia Subpoenas. ACT should not be permitted to serve unlimited discovery as leverage against nonparties, just to possibly bolster its arguments about *the parties'* commercial implementations.

The burden to an individual such as Dr. Lemieux is not justified where ACT merely wants to probe a nonparty and individual(s) associated with the nonparty, with no concrete reason to believe that Dr. Lemieux has relevant information regarding ACT's underlying litigation with Apple and Google.

### C. ACT Should Obtain the Discovery From AOMedia and the Parties

Dr. Lemieux's personal deposition testimony is not relevant, at least because he was not involved with AOMedia until 2024 – more than 5 years after the pre-2019 timeframe. Lujin Decl. at ¶¶ 6, 12. Furthermore, Dr. Lemieux's individual deposition is not necessary. ACT is abusing the judicial system by serving additional, redundant subpoenas from all angles on a nonparty. To the extent ACT seeks more information from AOMedia, that discovery should be sought directly from AOMedia. If and when ACT and AOMedia reach an impasse, then ACT should seek that discovery in the district for compliance with the AOMedia subpoenas (the District of Massachusetts). *Id*. at ¶ 8.

The Court has broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). To justify nonparty subpoenas under Rule 45, ACT has the burden of demonstrating to the Court that the information sought is relevant. *See id*. at *13-14 ("The resolution of the Motion to Quash turns on whether the information that Defendant City seeks is relevant to the claims and defenses at issue in the action and proportionate to the needs of the case."). ACT has not demonstrated that Dr. Lemieux has necessary information that is relevant to the Underlying EDTX Cases and that cannot be obtained from Google or AOMedia. Thus, ACT has not met its burden to conduct a nonparty deposition of Dr. Lemieux *in addition* to its other outstanding discovery. *Franco v. Alorica Inc*., No. 20-cv-05035-DOC(KESx), 2021 U.S. Dist. LEXIS 245905, *11 (N.D. Cal. Nov. 5, 2021) ("Rule 45 generally disfavors shifting discovery burdens from parties to nonparties.").

## IV. CONCLUSION

The Court should quash this Subpoena to Dr. Lemieux as unreasonably cumulative and burdensome because it is duplicative of the already-served discovery on AOMedia and an improper end-run around that discovery, in an attempt to burden or intimidate an individual witness for the purpose of gaining leverage in negotiations over the scope of discovery with another nonparty (AOMedia).

Dated: May 19, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Mayela C. Montenegro-Urch*
Mayela C. Montenegro-Urch
Aubrey L. Kramer

Attorneys for Nonparty Dr. Pierre-Anthony Lemieux

11
NONPARTY DR. LEMIEUX'S NOTICE OF MOTION AND MOTION TO QUASH;
MEMORANDUM OF POINTS AND AUTHORITIES